SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CAB #267196**
Assistant United States Attorney
Katherine.Rykken@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

<br>

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00062-JR** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **TEMIKA GARDNER,** | |
| **Defendant.** | |

### Introduction

In April 2026, Temika Gardner ("Gardner" or "defendant") pled guilty to a single-count misdemeanor Information for assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1). This guilty plea stems from an incident on October 23, 2025.  Consistent with the government's plea agreement with defendant, the government recommends that the Court sentence defendant to time served, one year of supervised release, a $25 fee assessment, along with the four months' home detention and five hours of community service.

/ / /

**Government's Sentencing Memorandum**                                      **Page 1**

### A.    The Offense Conduct

On October 23, 2025, defendant engaged with law enforcement working for Immigration and Customs Enforcement ("ICE") Enforcement Removal Operations ("ERO").  PSR ¶¶ 11-12. The ERO team was arresting another person pursuant to a lawful administrative arrest warrant. *See* PSR ¶ 12; Plea Agreement ¶ 5.  Gardner aided the other person in escaping from custody by opening the car door in which the arrestee was detained, with the assistance of the arrestee's mother.  PSR ¶ 13.  Thereafter, Gardner approached various ERO officers, including Adult Victim 1 ("AV1"), who she struck in the face while grabbing at his face and trying to pull of his mask.  Plea Agreement ¶ 5

### B.    The Charges

Defendant was charged via Complaint shortly after the incident, pleading guilty to a misdemeanor assault charge in April 2026 for that conduct.

### C.    The Plea Agreement & Guideline Computations

The parties agree that the following sentencing guideline computation is accurate. Defendant's criminal history category is I (PSR ¶ 36), resulting in the below guideline sentencing range.

| Enhancement | Government's Position |
|---|---|
| Base Offense Level USSG § 2A2.4 | 10 |
| Physical Contact Involved USSG § 2A2.4(b)(1)(A) | +3 |
| Acceptance of Responsibility— USSG § 3E1.1(a) | -2 |
| Early Resolution (3553(a)) | -2 |
| **Total Offense Level** | **9** |
| **Resulting Guideline Range** | **4-10 months (Zone B)** |

**Government's Sentencing Memorandum**                                                 **Page 2**

**Argument**

While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

Under the facts of this case, the parties—along with the Probation Office—agree that a sentence of imprisonment is not appropriate. Defendant has limited and dated criminal history, and the assault did not cause bodily injury to AV1. Further, defendant accepted responsibility at an early stage and agreed to plead guilty shortly after being charged with the assault. While the national average for this kind of case is eight months' imprisonment (*see* PSR ¶ 79), the government believes that a term of imprisonment is not appropriate and that four months' home detention along with one-year of supervised release is a sufficient but not greater than necessary sentence under the circumstances of this case. In particular, the government finds valuable defendant's early and complete acceptance of responsibility and also finds persuasive the mitigating information set forth in defendant's confidential supplemental to her sentencing position.

**Government's Sentencing Memorandum**                                     **Page 3**

**Conclusion**

The government recommends that the Court sentence defendant to time served, one year of supervised release, a $25 fee assessment, and, as a condition of release, four months' home detention and five hours of community service.

Dated: July 22, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Katherine A. Rykken*
KATHERINE A. RYKKEN, CAB #267196
Assistant United States Attorney

**Government's Sentencing Memorandum**                                    **Page 4**